UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10–01966 MMM (AGRx) | Date | April 14, 2010 |
|---|---|---|---|
| Title | Super-Krete International, Inc. v. Rod Sadleir, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Anel Huerta | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order GRANTING Plaintiff's Ex Parte Application for a Temporary Restraining Order

   On April 13, 2010, Plaintiff filed an ex parte application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction should not issue enjoining Defendants Rod Sadleir and Concrete Solutions, Inc. from transferring or selling the domain name <supercrete.com> to any third party pending resolution of the claim filed against Defendants for cyberpiracy under 15 U.S.C. § 1125(d).  (Pls.' TRO Application at 2.)  For the reasons set forth below, the Court GRANTS Plaintiff's application and sets a hearing on the preliminary injunction on **April 22, 2010 at 9 a.m.**

## I.  FACTUAL BACKGROUND

   Plaintiff Super-Krete International, Inc. is a California corporation specializing in the sale of products for the repair and restoration of existing concrete.  (Holwitz Decl. ¶ 3.)  Plaintiff owns federal trademark registrations for the marks "Super-Crete," "Super-Krete," and "Super-Krete Products" under U.S. Registration Nos. 2,375,309, 2,377,606, and 2,589,070 ("the Marks").  (Id. at ¶ 4.)  Since 1995 Plaintiff has promoted its products under one or more of the Marks.  (Id. at ¶¶ 5-8.)  Further, Plaintiff has used the Marks in connection with online promotion of its products.  Domain names <super-crete.com>, <super-krete.com>, <super-crete.ca>, and <super-krete.ca> are owned and operated by Plaintiff and all "point" to its website.  (Id. at ¶ 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Defendant Concrete Solutions, Inc. competes against Plaintiff in the concrete sealant market and is located in California, less than seventeen miles from Plaintiff. (Id. at ¶ 9.) On March 17, 1999, Defendants registered the domain name <supercrete.com> and directed all traffic from this site to Concrete Solutions' own website <concretesolutions.com>. (Id. at ¶10.) Through this website, Defendants offer products directly competing with those of Plaintiff. (Id.) On September 23, 2007, Defendant Rod Sadleir, apparently Concrete Solutions' principal, offered to sell the <supercrete.com> domain name to Plaintiff for $15,000. (Id. at 11.)

On March 18, 2010, Plaintiff filed this action against Defendants alleging, inter alia, trademark infringement and dilution under 15 U.S.C. §§ 1114 and 1125 and cyberpiracy under 15 U.S.C. § 1125(d). On April 7, 2010, Defendants' counsel notified Plaintiff that Defendants were receiving offers for, and were considering selling, the domain name <supercrete.com> to a third party – possibly from abroad. (Rome Decl ¶ 5.) Defendants' counsel rejected Plaintiff's request to stipulate that Defendants would not sell the domain name until after Plaintiff's claims had been adjudicated. (Id. at ¶ 6.)

## II. LEGAL STANDARD

The standard for granting a TRO is essentially the same as that for granting a preliminary injunction. See City of Tenakee Springs v. Block, 778 F.2d 1402, 1407 (9th Cir. 1985). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 129 S. Ct. 365, 374 (2008).

## III. FINDINGS

Based on Plaintiff's ex parte application and the accompanying declarations and exhibits submitted, the Court finds:

1. Plaintiff is likely to succeed in showing that Defendants have registered a domain name that is confusingly similar to that of Plaintiff's Marks and has done so with the bad faith intent to profit from that Mark in violation of 15 U.S.C. § 1125.

2. The sale of the domain name <supercrete.com> by Defendants to a third party before Plaintiff can seek recovery through the present action will result in immediate and irreparable injury to Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

3. The statements by defense counsel that Defendants may sell the domain name, and counsel's refusal to stipulate to delay sale of the name, indicate that a sale may be imminent and may be consummated before temporary relief can be issued if notice is given – thus frustrating the ultimate relief Plaintiff seeks in this action. Notice is not required before issuance of this TRO under Rule 65(b) for the reasons stated in the Declaration of Eugene Rome.

4. Sale of the domain name, especially to a foreign entity would cause Plaintiff to engage in costly and duplicative litigation.

5. If sale of the name is not imminent, then the issuance of a TRO will cause, at most, minimal harm to Defendants.

6. The harm to Plaintiff from denial of the requested ex parte application would outweigh the harm to Defendants' legitimate interests from granting such an order.

7. Preventing the sale of a potentially confusing domain name until this matter can be resolved is in the public interest.

8. A bond of $500 is sufficient.

## IV.  CONCLUSION

Plaintiffs' ex parte application for a TRO is GRANTED as set forth in the concurrently filed OSC and TRO re Transfer of the Domain Name <supercrete.com> by Defendants.

IT IS SO ORDERED.